Dear Mr. Mills:
You have requested an Attorney General's opinion on issues relating to dual officeholding and St. Martin Parish's Home Rule Charter.
You state you are presently serving a four year term as a councilman on the St. Martin Parish Council as well as a five year term on the board for Hospital Service District No. 2 (hereinafter the "District") in that same parish. Additionally, you serve on the St. Martin Parish Economic Development Authority Board (hereinafter "SMEDA"). Your appointment on that board is by a municipality within St. Martin Parish. A main source of funding for SMEDA is from the St. Martin Parish Government.
Section 2-06(D) of the St. Martin Parish Government's Home Rule Charter mandates:
 No Council member shall serve on a board or commission of the Parish government having administrative or policy making authority unless the ordinance or state law creating such board or commission specifies that one or more members of the council shall serve on such board or commission.
You ask what effect this provision has on your appointed positions on the SMEDA and the District.
Section 2-06, along with the Home Rule Charter of St. Martin Parish as a whole, went into effect on January 10, 2000. At that time, you held all positions at issue in this opinion. No express statement is made in the Home Rule Charter regarding any retroactive effect Section 2-06 is to have.
Generally, substantive provisions, as opposed to procedural provisions, must be construed prospectively and not retroactively. Procell v. Insurance Company of North America,425 So.2d 860 (Ct.App. 3rd Cir. 1982). This office has previously applied this rule to a home rule charter's provisions. See, Attorney General's Opinion 86-801. We analogize the same to our discussion.
LSA-C.C. Article VI states:
 In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary.
In Rousselle v. Plaquemines Parish School Board, 633 So.2d 1235
(La. 1994), the Louisiana Supreme Court discussed the issue of retroactive application of new laws as follows:
 A two-fold inquiry is required by article 6. First, it must be ascertained whether the enactment expresses legislative intent regarding retrospective or prospective application. If such intent is expressed, the inquiry ends. If no such intent is expressed, the enactment must be classified as either substantive, procedural or interpretive. Substantive laws either establish new rules, rights, and duties or change existing ones, while interpretive laws merely establish the meaning the statute had from the time of its enactment. Procedural laws prescribe a method for enforcing a substantive right and relate to the form of the proceeding or the operation of the laws. However, since application of legislative enactments has constitutional implications under the due process and contract clauses of both the United States and Louisiana Constitutions, even where the legislature has expressed its intent to give a substantive law retroactive effect, the law may not be applied retroactively if it would impair contractual obligations or disturb vested rights. [Citations omitted.]
The same holds true for a provision of a home rule charter enacted at the local government level. Therefore, this office does not believe that Section 2-06, a substantive provision, may be applied retroactively to affect those positions already being held by you for specified terms. That provision only affects terms prospective to its effective date.
With that addressed, we now look to any effects Louisiana's dual officeholding laws may have on your situation. LSA-R.S. 42:63(D), in pertinent part, states:
 No person holding elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in a government of a political subdivision thereof.
Your positions on SMEDA and the District are both part-time appointive positions. Therefore, your elective position with the St. Martin Parish Council, a political subdivision of the state, does not evoke this provision to prohibit simultaneously holding those appointments.
However, certain prohibitions under Louisiana's Dual Officeholding Laws may apply. Specifically, LSA-R.S. 42:64(A), in pertinent part, states:
 [N]o other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain and those prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers:
 (1) The incumbent of one of the offices, whether or not in conjunction with fellow officers, or employment have the power to appoint or remove the incumbent of the other, except that local governmental subdivisions may appoint members of the governing body to boards and commissions created by them and over which they exercise general powers as provided in Article VI, Section 15 of the Constitution of Louisiana. A board or commission so created may elect officers from its own membership.
The exception above applies to a local government subdivision as reflected in Article VI, § 15 of the Louisiana Constitution, empowering the governing authority to have general power over an agency created by it. Further, Article VI, § 44(1) of the Louisiana Constitution defines a `local government subdivision' as a parish or municipality. Thus, the exception contained in LSA-R.S. 42:64(A)(1) is applicable herein.
Pursuant to LSA-R.S. 46:1053, the St. Martin Parish governing authority created the St. Martin Parish Hospital District No. 2 and has the responsibility to appoint the commissioners governing that district. Pursuant to LSA-R.S. 33:9020 et seq., SMEDA was created as a private, non-profit corporation. However, SMEDA is statutorily mandated to receive approval and authorization as an economic development corporation from the appropriate parish governing authority before incorporation pursuant to those statutory provisions. LSA-R.S. 33:9023.
Based on the above cited statutes, SMEDA and St. Martin Parish Hospital District No. 2 are agencies created by the St. Martin Parish governing authority and, as such, fall under the exception of LSA-R.S. 42:64(A)(1).
Consequently, your holding appointments on these boards is not incompatible under the dual officeholding laws.
I trust this addresses your concerns. Please contact this office should you require further assistance.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: CARLOS M. FINALET, III. ASSISTANT ATTORNEY GENERAL
RPI:CMF, III/mjb
SYLLABUS
Mr. Fred H. Mills, Jr. 4711-A Main Highway St. Martinville, Louisiana 70582
Date Received: Date Released: March 22, 2000
CARLOS M. FINALET, III ASSISTANT ATTORNEY GENERAL